## WARREN v. THE STATE.

The fact that a portion of the chattels were found upon the premises of the accused, eighteen months after they were stolen, unaccompanied by other suspicious circumstances, is not *prima facie* evidence, that the accused was guilty of the larceny.

An application for a new trial on the ground of newly-discovered evidence, is usually confined to the sound discretion of the district judge, and the decision below cannot be reviewed and corrected by this court, unless made upon principles of law, or upon facts brought up in the record of the case.

It is a safer rule to require the affidavit of the newly-discovered witness to accompany the motion for a new trial.

It is no objection to the verdict on an indictment for larceny, if the jury find the aggregate value of the articles stolen.

A coon comes under the denomination of animals, *feræ naturæ*, and is not the subject of larceny.

A judgment against the prisoner on an indictment for larceny, will not be disturbed, merely because among the things stolen there was an item, on taking which, a person would not be liable for stealing, when it appears by the record, that the exclusion of that item could not reduce the nature of the offence, nor materially lessen the amount of the fine.

Under the statute of Iowa, it is not sufficient, in a criminal case, to swear the jury " the truth to speak on the issue joined," &c.

ERROR, *to Clinton District Court.*

W. E. *Leffingwell*, for the plaintiff in error, contended that the fact of stolen goods being found buried on the farm of the prisoner some twenty months after they were stolen, affords not a presumption against him, until it is clearly shown that he buried them there, or at least had a knowledge of their being buried there; and even at so remote a period, were they actually in his possession, the courts should have ordered him discharged, without having put him upon his trial, see 1 Car. and P., 452, where the only evidence against the prisoner was, that goods which were stolen sixteen months before, were found in the prisoner's possession. Bailey, J., directed an acquittal without calling on the prisoner for his defence, cited in 9 Petersd., 171, *note;* " The possession of stolen property soon

after robbery, is not in itself a felony, it only raises a presumption that the prisoner is the thief."

Recent possession of goods, not according to the habit and circumstances of the party charged, is a presumption against him. McNully, Ev., 579. Gilb't Ev., 899.

When a presumption is raised against the prisoner, from the fact of goods being found secreted about his premises shortly after the theft, it must be clearly shown that he must necessarily have known from his intercourse with, and access to the place where they were secreted, that he saw them, or that they could not have escaped his observation, in the necessary discharge of his daily avocation.

Presumptive evidence of felony should be cautiously admitted, for the law holds that it is better that ten guilty men should escape, than one innocent man should suffer. 4 Black. Com., 352; 2 Hale, P. C., 289.

Yet, notwithstanding these humane provisions of the law, the jury were instructed in this case, that the mere fact of the stolen property being found on the prisoner's land, buried some twenty months after they were stolen, was itself *prima facie* evidence that he stole it. If this decision is to be maintained as the law of the land, any evil-disposed person could at pleasure incarcerate any one on the slightest pretext. To recognize this as a correct rule of law, would be an inovation of the established practice; aye more, it would be an abrogation of all the decisions upon this one point, for the last hundred and fifty years.

Although the courts are not inclined to grant new trials, when the object is only to impeach a witness; yet they ought not to be so jealous of the reputation of a witness, as to prejudice the rights and liberties of a prisoner; and if, as in this case, the evidence discovered will establish the innocence of the accused, upon principles of justice, as well as of law, he certainly should have the benefit, even if upon the trial the guilt of his prosecutors should become apparent.

*P. Smith*, in his argument on the same side, cited 1 Cow. and Hill's notes, 424, 426; 5 N. H., 203.

Warren *v*. The State.

*E. Cook*, for the state, insisted that a new trial should not be granted on an affidavit stating that the newly discovered witness had told the party what he would say. *Shumway* v. *Fowler*, 4 John., 425.

" The newly-discovered testimony must go to the merits of the case, and not to impeach the character of a former witness. *The People* v. *The Superior Court of New York*, 10 Wend. 292.

" New trials will not be granted to impeach witnesses who testified on the former trial." *Halsey* v. *Watson*, 1 Caines, 24 ; *Duryee* v. *Dennison*, 5 John., 248. *Bun* v. *Hoyt*, 3 John., 255. *Jackson Ex. Dem. Rowley* v. *Kinney*, 14 John., 186."

" A party moving for a new trial, on the ground of newly-discovered evidence, is bound to produce the affidavits of the witness from whom such evidence was to come, setting forth the facts, or show that such affidavit could not be obtained." *Denn.* v. *Morrell, et al.*, 1 Hall, N. Y., 382.

" On a motion for a new trial, on the ground of newly-discovered evidence, a case of what transpired on the trial must be presented." Anon. 7 Wend., 331.

United States Digest, vol. ii, p. 754, sec. 65, on a charge of shop breaking and larceny, possession of part of the stolen goods is *prima facie* evidence of the larceny. 1 Mass. 6.

Possession of stolen goods is *prima facie* evidence of guilt, whether the circumstances amounted to a possession, or how far they were such as to rebut the presumption, is for the jury to determine. 7 Ver., 122 ; *State* v. *Weston*, 9 Conn., 527.

*Opinion by* GREENE, J. The plaintiff in error was found guilty in the court below on an indictment for larceny. A motion was made for a new trial, and overruled. We learn from the bill of exceptions that testimony was adduced on the trial, proving that about eighteen or nineteen months after B. S. Wilcox missed a number of traps, a boat-hook, &c., Shook, the prosecuting witness, proceeded with the officer, and a search warrant, to the house of Warren, and, after a slight search, repaired to a flax stack, five or six rods from the house; when

one Fulk said to the officer, that " he was an old miner, and could strike a *load* in three licks." Though the ground was covered with snow, Shook showed Fulk where to dig; and he commenced accordingly, and, with the third blow of the mattock struck the lid of a box, identified as the property of Warren, which contained a portion of the stolen traps. They then went to the prisoner's blacksmith shop, and there found the boat-hook with the handle sawed off, on the shop floor, where it had been laying about for several months. It also appears, that Shook had been living with Warren, and that they had some difficulty a short time before the prosecution commenced. The court instructed the jury, though requested to give the contrary charge, that the fact of finding the traps in the manner described was *prima facie* evidence that Warren had stolen them. To this instruction of the court the plaintiff took exception, and now urges the objection under his first two errors assigned.

This charge to the jury was manifestly erroneous. The long space of time which elapsed from the missing to the discovery of the goods, the place, together with the peculiar circumstances under which they were found, concur in removing the presumption of guilt in the prisoner. Such a presumption is only created when the goods are found in the possession of a person, within a short period after the larceny. The lapse of three months after the articles were stolen has been recognized as sufficient to rebut the presumption of guilt, in a person in whose possession the goods were found; but it has been otherwise determined after the expiration of only two months, when connected with evidence of concealment, and other suspicious circumstances. 1 Cowen and Hill's Notes, 425, 426, and the references.

After the lapse of sufficient time for the goods to change hands, and when they are of a portable nature, it would often be attended with serious oppression and injustice, to require a person to account for the possession. Still more serious would be the consequences of taking a prisoner's guilt for granted, after so remote a period, and under the circumstances which are presented in this case.

The place where the articles, were found the very suspicious deportment of one or two of those who participated in the finding, leave ample room to presume that others may have been more intimately connected with the larceny than the prisoner. In relation to the place, &c., of finding stolen goods, see Cowen and Hill's Notes, 426, 427.

By request of counsel, we will briefly notice the other errors assigned. The third avers that the court erred in overruling the motion for a new trial. As the charge to the jury was so manifestly improper, the motion for a new trial should have been granted. The only other reason assigned for a new trial, is that of newly-discovered evidence. This is a matter usually confined to the sound discretion of the district judge; because the application is often attended with circumstancees which are not made apparent to the appellate court. The affidavit of the prisoner alone, setting forth the newly-dicovered facts, and by whom he can prove them; taken in connection with other concurring appcarances, and the applicability of the newly-discovered evidence towards affecting a material change in the verdict, has been held sufficient to justify a new trial, without the affidavit of the witness by whom the facts are expected to be proven; but the requirement of such an affidavit we regard as the safest practice. (a) Only in cases where the grounds for a new trial may be determined by the established principles of law, or upon facts appearing of record, is it clearly within the province of this court to revise and correct the proceedings below. (b)

It may be well to observe, that even in cases where the question of a new trial is within the discretion of the district court, the law contemplates a full hearing, and fair trial to all; and, if from any cause, a party having used due diligence, has not been able to present the substantial merits of his case to the jury, a rehearing should be allowed.

The verdict is objected to by the fourth assignment of error, because it is for the aggregate value of the articles stolen. In this we can see no error.

(a) *Bight* v. *Wills*, 7 B, Monroe, 122.
(b) *Cook* v. *U. S.*, *ante* 56; *Barzelton* v. *Jenkins*, Morris, 15.

The fifth error assigned is, that part of the property averred to have been stolen, a rac-coon, is not the subject of larceny. The principle is well settled, that, taking from another's possession an animal, *feræ naturæ*, or of a base nature, in contemplation of law, will not render a person liable for larceny; though the right of the owner would be protected by a civil action. As this principle applies, by common law, to monkeys, bears, foxes, &c., it will evidently apply to coons. 5 N. H., 204.

But, for this reason alone, the judgment of the district court would not be disturbed, when the indictment avers the stealing of other articles, properly the subject of larceny ; and when it appears by the transcript that the nature of the offence could not have been reduced, nor the fine materially lessened by excluding the objectionable article.

The last error assigned, is, that the proper oath was not administered to the jury. The transcript of the record states, that the jury were sworn the truth to speak on the issue joined, &c. It is hardly necessary to state, that such an oath is not recognized by the statute. See *Rev. Stat.*, 298.

The judgment is reversed, and the cause remanded to the district court of Clinton county, for a new trial.

Judgment reversed.

